UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA CASMIR JACKSON,

Plaintiff,

v.

CENTURION HEALTH SERVICES,
SILVARIO NAPLES, and NIELSON,

Defendants.

CAUSE NO. 3:26-CV-741-GSL-JEM

OPINION AND ORDER

Joshua Casmir Jackson, a prisoner without a lawyer, filed a complaint and seeks leave to proceed in forma pauperis. ECF 1 and 2. A prisoner may not bring a civil action in forma pauperis if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Jackson is well aware he has "struck out" and may not proceed in forma pauperis unless he is in imminent danger of serious physical injury. *See Jackson v. Russell*, 1:18-cv-2417 (S.D. Ind. filed August 7, 2018), ECF 4; *see also* Jackson v. Ind. Dep't. of Corr., 1:23-cv-428 (S.D. Ind. filed March 9, 2023), ECF 5; and Jackson v. Karns, 1:25-cv-911 (S.D. Ind. filed May 8, 2025), ECF 13.

Jackson argues he is in imminent danger of serious physical injury because haloperidol, an antipsychotic medication he is forced to take, causes him to have "nausia, vomiting, flutter heart beats, confusion, overheating of the body, high blood pressure and constipation and gynecomastia [benign enlargement of the male breast]." ECF 3. Though these are unpleasant side effects, he does not explain if or how they are being treated. He does not explain how or why they constitute serious physical injury. Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *see also Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017) ("If fears about the future made for an 'imminent danger of serious physical injury', the statute would not serve to curtail litigation by those who have demonstrated a propensity to make baseless or malicious claims.").

For these reasons, the court:

(1)  DENIES the imminient danger motion (ECF 3);

(2)  DENIES the motion to screen the complaint (ECF 5);

(3)  DENIES Joshua Casmir Jackson, leave to proceed in forma pauperis (ECF 2);

(4)  GRANTS Joshua Casmir Jackson, until **August 13, 2026**, to pay the $405 filing fee; and

(5)  CAUTIONS Joshua Casmir Jackson, if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED on July 17, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT